UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WARREN COOK

                                            Plaintiff,

        -against-

THE CITY OF NEW YORK, JOSE VALENTIN (SHIELD NO. 2455), UC 0084 (representing an undercover police officer from Narcotics Bureau Manhattan South) JOHN DOE 1-4 (representing unidentified officers of the NYPD).

                                            Defendants.
------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

09 CV 10238 (CM)(RLE)

<u>Jury Trial Demanded</u>

## **PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth amendments to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.  The case arises from a May 23, 2009 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search and fabricated evidence.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New

York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the incident occurred in Southern District.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Jose Valentin, UC0084 and John Does 1-4 (collectively the "officers") are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest.  The Officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates.

## STATEMENT OF FACTS

7. On May 23, 2009, at approximately 12:30 a.m. in front of 525 8th Avenue, in Manhattan, New York, plaintiff was arrested and charged with selling "fake" crack cocaine and other related charges.  Plaintiff was neither engaged in selling "fake" cocaine nor involved in any criminal activity.  Plaintiff was merely on his way to a friend's house.  Plaintiff's friend lives in the Chelsea Houses on tenth Avenue.

8. During the course of arrest, plaintiff was subjected to excessive force when he was handcuffed in an excessively tight manner and tossed into a police van.

9. Plaintiff was subsequently taken to the the Midtown South Precinct where he was strip searched by a male officer.  After his strip-search, plaintiff was placed in a holding cell.

10. On or about the evening of May 23, 2009 plaintiff was taken to Central Booking for further arrest processing and to await arraignment.

11. During this period, an Officer or Officers met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed "fake" drugs.

12. On or about the evening of May 24, 2009, plaintiff was arraigned in Criminal Court, New York County and released.

13. 13. After numerous appearances, all charges against plaintiff were dismissed on September 16, 2009.

14. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of freedom, loss of income, and damage to reputation.

**FEDERAL CLAIMS AGAINST OFFICER JOSE VALENTIN, UC0084, AND POLICE OFFICERS JOHN DOES 1-4**

15. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-14 as if fully set forth herein.

16. The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip search and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIM AGAINST JOSE VALENTIN, UC0084, AND POLICE OFFICERS JOHN DOES 1-4**

17. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

18. The conduct of Jose Valentin, UC0084, and Police Officers John Does 1-4, as described herein, amounted to false arrest, excessive force, an illegal strip search, malicious prosecution, assault, battery, negligence and fabricated evidence in violation of the laws of the State of New York.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

19. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The City of New York directly caused the constitutional violations suffered by plaintiff.

21. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

22. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    December 11, 2009
              New York, New York

                                        Christopher Wright
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 822-1419

                                        By:

                                        _____
                                        Christopher Wright (CW-8079)